FILED

2014 FEB -4 AM 11: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO HORIZON, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN B. BARTON, et al., <br><br> Defendants. | Case No. ED CV 14-131-UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On January 22, 2014, defendant Rey Reyes, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis.[1] The Court has denied the latter application under separate cover because the action was not properly removed. To

---

[1] As noted in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, Rey Reyes is not actually named as a defendant in the Complaint to be removed, but for purposes of this order the Court assumes that he is one of the unnamed Doe defendants.

prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted federal question jurisdiction as his basis for removal. But as described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, because the unlawful detainer action to be removed does not actually raise the federal claim to which defendant points, there is no basis to assert federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441.

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Riverside County, 13800 Heacock Street, Building D #201, Moreno Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 1/30/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE